```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
___

REGINA GUESS,

                Plaintiff,

    -vs-                           **No. 6:17-CV-06121(MAT)**
                                        **DECISION AND ORDER**
DR. BABAK S. JAHROMI,
CYNTHIA A. ZINK,
SUSAN A. MOODY,

                Defendants.
___

**I.  Introduction**

Plaintiff Regina Guess ("plaintiff"), proceeding *pro se*, has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court has reviewed plaintiff's submissions in connection with her motion to proceed *in forma pauperis*, finds that she meets the statutory requirements, and therefore grants her request to proceed as a poor person. Pursuant to the requirements of § 1915, the Court must conduct an initial screening of plaintiff's complaint to ensure that the complaint has a legal basis. For the reasons set forth below, plaintiff's complaint is dismissed in its entirety with prejudice for lack of subject matter jurisdiction. Plaintiff's motion for appointment of counsel is denied as moot.

**II.  Background**

The instant action is the third in a series of *pro se* actions plaintiff has filed in relation to her former employment with the University of Rochester Medical Center ("URMC"), where she worked as a radiologist from approximately October 2008 through June 2010.

Plaintiff's first action, which alleged claims of discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), was dismissed by this Court on August 17, 2015, in a Decision and Order granting defendant URMC's motion for summary judgment. See Guess v. Univ. of Rochester, 2015 WL 4891377, *1 (W.D.N.Y. Aug. 17, 2015), reconsideration denied, 2015 WL 5824854 (W.D.N.Y. Oct. 6, 2015), appeal dismissed (2d Cir. 15-3325) (Dec. 30, 2015) (Guess I).

Plaintiff's second action, which she filed on September 19, 2016, alleged claims of fraudulent concealment, breach of contract, and medical malpractice against several defendants, who were employed at the URMC during the time frame relating to the events at issue in plaintiff's previous lawsuit. The Court dismissed that action for lack of subject matter jurisdiction on October 20, 2016. See Guess v. Jahromi, No. 6:16-CV-06637 (MAT), Doc. 8 (October 20, 2016) (Guess II). Specifically, the Court rejected plaintiff's asserted basis of supplemental jurisdiction, finding that because the Court lacked original jurisdiction over any of the matters asserted in the Guess II complaint, the Court therefore had no supplemental jurisdiction to hear the case. On November 15, 2016, the Court denied plaintiff's motion for reconsideration and for permission to file an appeal to the Second Circuit Court of Appeals, finding that any appeal would not be taken in good faith. See Guess v. Jahromi, 2016 WL 6695875, *2 (W.D.N.Y. Nov. 15, 2016) (Guess III).

Plaintiff's instant complaint is alleged against three defendants, all of whom were named personally in <u>Guess II</u>. Reading the complaint liberally, plaintiff attempts to state two causes of action. In the first cause of action, which plaintiff variously describes as "fraud," "concealment," or "Title VII Civil Rights . . . Employment Discrimination," plaintiff alleges that the defendants caused her "manifest injustice" in discriminating against her in the course of her employment, that they falsified statements, and that they caused her "loss of personal missing property." Doc. 1 at 4. Her second cause of action alleges, vaguely, that the defendants deprived her of "personal missing property" through a "conspiracy of fraud." See doc. 1 at 4-5. It is unclear what "personal property" plaintiff refers to, however this claim appears related to her repeated allegation, in both of her prior suits, that due to some concealment of her medical record the defendants somehow deprived her of medical treatment.

**III. Standard of Review**

Section 1915 requires the Court to conduct an initial screening of complaints filed by civil litigants proceeding *in forma pauperis*, to ensure that the case goes forward only if it meets certain requirements. "[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)—(iii).

"[T]he issue of '[f]ederal subject matter jurisdiction may be raised at anytime during litigation and *must* be raised *sua sponte* when there is an indication that jurisdiction is lacking.'" English v. Sellars, 2008 WL 189645, *2 (W.D.N.Y. Jan. 18, 2008) (addressing complaint at screening stage pursuant to § 1915) (quoting Hughes v. Patrolmen's Benevolent Assoc. of the City of New York, Inc., 850 F.2d 876, 881 (2d Cir. 1988), cert. denied 488 U.S. 967)) (emphasis added). Even at the screening stage, therefore, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (per curiam); see also Billard v. Rockwell Int'l Corp., 683 F.2d 51, 57 (2d Cir. 1982) (denial not abuse of discretion where plaintiff had had "access to full discovery" in a related case).

## IV. Discussion

As in Guess II, plaintiff's instant complaint acknowledges that her claims are related to her prior employment discrimination suit. Reading her complaint liberally, she appears to assert grounds of both original jurisdiction based on a federal question as to a Title VII employment discrimination claim and supplemental jurisdiction as to related state-law tort claims. Thus, plaintiff ostensibly asserts that her state-law claims should be heard in

this case because of the existence of original jurisdiction on the Title VII claim.

Initially, the Court notes that plaintiff's complaint fails to state a valid Title VII employment discrimination claim. A plaintiff alleging a Title VII case must allege that "(1) she was within the protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination." Liebowitz v. Cornell Univ., 584 F.3d 487, 498 (2d Cir. 2009). Plaintiff, however, states no supporting facts other than to allege that the defendants "caused [her] manifest injustice" in the course of her employment for URMC. Plaintiff's conclusory allegation of a Title VII violation appears to be a vehicle for bootstrapping jurisdiction of her related, state-law claims, which were previously dismissed by this Court in Guess II.

To the extent that plaintiff attempts to frame her former ADA claim now as a Title VII claim, such a claim cannot go forward because principles of res judicata, or claim preclusion, bar such a claim. "[C]laims premised upon 'new legal theories do not amount to a new cause of action so as to defeat the application of' res judicata." Tompkins v. Local 32BJ, SEIU, 2012 WL 1267876, *8 (S.D.N.Y. Apr. 12, 2012) (quoting Ningbo Prods. Imp. & Exp. Co., Ltd. v. Eliau, 2011 WL 5142756, *9 (S.D.N.Y. Oct. 31, 2011)); see also Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 206 (2d Cir.

2002) (affirming district court order dismissing complaint as barred by *res judicata* pursuant to 28 U.S.C. § 1915, where the complaint stated employment discrimination as a new legal theory but "focused on essentially the same facts as those asserted in her first federal complaint").

"To establish claim preclusion [or res judicata], a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Businesses for a Better N.Y. v. Smith, 2010 WL 3703693, *3 (W.D.N.Y. Sept. 16, 2010) (citing Monahan v. New York City Dep't of Corr., 214 F.3d 275, 284-85 (2d Cir. 2000)). Here, the elements are met. Plaintiff's ADA claim was finally decided on the merits by the Court's Decision and Order dated August 17, 2015. See Guess I. Nothing prevented plaintiff from bringing a Title VII claim along with the ADA claim in Guess I, which claim would have centered on the same facts. Therefore, the Court concludes that to the extent that plaintiff attempts to plead a claim of Title VII employment discrimination, that claim is precluded due to the Court's decision in Guess I.

The Court therefore lacks original jurisdiction over any alleged Title VII claim because this claim is barred by the

doctrine of res judicata.[1] Accordingly, to the extent that this complaint raises state law claims involving fraudulent concealment, breach of contract, or medical malpractice, those claims are dismissed because, for the reasons stated in Guess II, the Court cannot exercise supplemental jurisdiction where no original jurisdiction lies.

**V.   Conclusion**

For the reasons stated above, plaintiff's motion to proceed *in forma pauperis* (doc. 2) is granted,  plaintiff's complaint (doc. 1) is dismissed in its entirety with prejudice, and plaintiff's motion requesting appointment of counsel (doc. 3) is denied as moot. For the same reasons as stated in Guess III, 2016 WL 6695875, at *1-2, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would not be taken in good faith. The Clerk of the Court is directed to close this case.

ALL OF THE ABOVE IS SO ORDERED.

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:    March 21, 2017
          Rochester, New York.

---

[1] The Court declines to grant plaintiff leave to amend because, considering the history of this case, to do so would likely be unproductive. See Ruffolo, 987 F.2d at 131; Billard, 683 F.2d at 57.